# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| JAYME BOYLE, ) | |
| ) | |
|     PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. _____ |
| ) | |
| EVOLVE BANK & TRUST and EVOLVE ) | |
| FINANCIAL GROUP, INC. ) | |
| ) | |
|     DEFENDANTS. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. §§ 1331 and 1367, Defendants Evolve Bank & Trust and Evolve Financial Group, Inc. (hereafter "Evolve"), hereby remove this action, from the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis, to the United States District Court for the Western District of Tennessee, Western Division.  As grounds for this removal, Evolve shows the Court as follows:

1. Plaintiff Jayme Boyle ("Plaintiff") originally filed this lawsuit in the Circuit Court of Shelby County, Tennessee, Case Number CT-002249-14 (the "State Court Action") on May 20, 2014.

2. Plaintiff filed a First Amended Complaint on September 5, 2014.

3. In the Complaint and First Amended Complaint, Plaintiff allegedly brought "an action for breach of contract, for intentional infliction of emotional distress, and for retaliatory and/or wrongful discharge, including violation of T.C.A. § 50-1-304, the Tennessee Public Protection Act."  *See* Ex. A, Compl. at 1; Am. Compl. at 1.  In his First Amended Complaint, Plaintiff added a cause of action for common law retaliatory discharge.  *See* Am. Compl. at 11.

4.      Plaintiff did not raise any federal causes of action in the original Complaint or First Amended Complaint.  *See generally* Ex. A, Compl. at 7; Am. Compl. at 11.

5.      On December 30, 2015, Evolve filed a Motion for More Definite Statement seeking clarity regarding Plaintiff's allegations.  *See* Ex. A, Mot. More Definite Statement.

6.      In response to Evolve's Motion for More Definite Statement, on February 29, 2016, Plaintiff again amended his Complaint.  In the Second Amended Complaint, in addition to the claims previously brought, Plaintiff, for the first time, raised a cause of action distinctly involving a federal question.  Specifically, Plaintiff alleged that "[t]his is an action for . . . retaliatory and/or wrongful demotion and subsequent discharge, all in violation of . . . 15 U.S.C. § 78u-6(h) the 'whistleblower-protection provision' of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (Dodd-Frank)."  *See* Ex. A, Second Am. Compl. at 1.  *See also id*. at 39 ("Based on the foregoing, Plaintiff states a claim for: . . . (e) Harassment, hostile work environment, retaliatory or wrongful demotion, and retaliatory or wrongful discharge, all in violation of [15] U.S.C. § 78u-6(h) the 'whistleblower-protection provision' of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010.") (the "'Dodd-Frank' claim").

7.      Pursuant to 15 U.S.C. § 78aa, "[t]he district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction" for Plaintiff's alleged "Dodd-Frank" claim.

8.      28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Additionally, under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. As 15 U.S.C. § 78aa provides that the district courts of the United States have exclusive jurisdiction of Plaintiff's alleged "Dodd-Frank" claim, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331 as Plaintiff's "Dodd-Frank" claim raises a federal question.

10. Additionally, this Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a) as they "are so related to [the "Dodd Frank" claim] in the action within such original jurisdiction that they form part of the same case or controversy[.]"  In fact, Plaintiff provides the same allegations for all of his asserted causes of action, including the alleged "Dodd-Frank" claim.  *See generally*, Ex. A, Second Am. Compl.

11. Because this Court has subject matter jurisdiction over this action, removal is proper pursuant to 28 U.S.C. § 1441.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 123(c) and 1441(a) because the United States District Court for the Western District of Tennessee, Western Division is the federal judicial district embracing the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis, where the State Court Action was filed.

13. This Notice of Removal is timely and filed in compliance with 28 U.S.C. § 1446(b)(3) because it is filed within thirty days after February 29, 2016, the date on which Evolve received Plaintiff's Second Amended Complaint, which for the first time, asserted a federal question.

14. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders from the State Court Action as of the date of this filing are attached as <u>Exhibit A</u>.

15. Pursuant to 28 U.S.C. § 1446(d), Evolve has filed this Notice with this Court, is serving a copy of this Notice upon counsel for all parties, and is filing a Notice of Filing of Notice of Removal in the Circuit Court of Tennessee. A copy of the Notice of Filing of Notice of Removal which is being filed in the State Court Action is attached as <u>Exhibit B</u> (without Exhibit 1 referenced therein).

16. By filing this Notice of Removal, Defendants Evolve Bank & Trust and Evolve Financial Group, Inc. do not waive any defense which may be available to them.

WHEREFORE, for the reasons set forth above, Defendants Evolve Bank & Trust and Evolve Financial Group, Inc. request that this Court assume full jurisdiction over this action as provided by law.

>Respectfully submitted,
>
>s/ Robert E. Craddock, Jr.
>Robert E. Craddock, Jr. (TN Bar # 05826)
>Robert L. Crawford (TN Bar #7216)
>Odell Horton, Jr. (TN Bar #12426)
>Kathryn K. Van Namen (TN Bar # 31322)
>WYATT TARRANT & COMBS, LLP
>1715 Aaron Brenner Drive, Suite 800
>Memphis, TN 38120
>(901) 537-1000 (Telephone)
>(901) 537-1010 (Facsimile)
>rcraddock@wyattfirm.com
>lcrawford@wyattfirm.com
>ohorton@wyattfirm.com
>kvannamen@wyattfirm.com
>
>*Counsel for Defendants Evolve Bank & Trust and Evolve Financial Group, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 18th day of March, 2016, a copy of the foregoing was served via e-mail and first-class mail, postage prepaid, upon the following:

Kathleen L. Caldwell
KATHLEEN CALDWELL, PLLC
2670 Union Avenue Ext., Suite 110
Memphis, TN  38112


                                          s/ Robert E. Craddock, Jr.

61478527.2