IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JAYME BOYLE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 16-02171 |
| | ) |
| **EVOLVE BANK & TRUST and** | ) |
| **EVOLVE FINANCIAL GROUP, INC.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**ORDER**

Before the Court is Defendants Evolve Bank & Trust and Evolve Financial Group, Inc.'s (collectively, "Evolve") March 31, 2016 Motion to Dismiss Plaintiff's Second Amended Complaint ("Evolve's Motion"). (ECF No. 8 at PageID 579.) Plaintiff Jayme Boyle responded on May 18, 2016. (ECF No. 14 at PageID 617.) Evolve replied on June 3, 2016. (ECF No. 21 at PageID 935.)

Also before the Court is Boyle's July 12, 2016 Motion to Dismiss Evolve's Counterclaim ("Boyle's Motion"). (ECF No. 26 at PageID 989.) Evolve responded on August 18, 2016. (ECF No. 34 at PageID 1005.) Boyle replied on September 12, 2016. (ECF No. 40 at PageID 1029.) On September 22, 2016, Evolve moved to

file a sur-reply in opposition to Boyle's Motion. (ECF No. 43 at PageID 1082.) On July 17, 2017, the Court granted Evolve's motion. (ECF No. 91 at 1703.)

For the following reasons, Evolve's Motion, to the extent it seeks dismissal of Boyle's Dodd-Frank Act claims, is GRANTED. This action is REMANDED to the Circuit Court of Shelby County, Tennessee, for the Thirtieth Judicial District at Memphis.

## I. Background

On May 20, 2014, Boyle filed this action against Evolve in the Circuit Court of Shelby County, Tennessee, for the Thirtieth Judicial District at Memphis. (ECF No. 1-2 at PageID 9.) Boyle filed an Amended Complaint on September 5, 2014. (Id. at PageID 115.) The Amended Complaint asserted claims arising under Tennessee law. (Id. at PageID 125.)

Boyle filed a Second Amended Complaint on February 29, 2016. (ECF No. 1-4 at PageID 407.) The Second Amended Complaint asserts Tennessee state law claims for breach of employment contract; intentional infliction of emotional distress; negligent infliction of emotional distress; common law retaliatory discharge; and claims under Tenn. Code Ann. § 50-1-304 for harassment, hostile work environment, retaliatory or wrongful demotion, and retaliatory or wrongful discharge. (Id. at PageID 445.) The Second Amended Complaint also asserts claims under the "whistleblower-protection provision" of the

2

Dodd-Frank Wall Street Reform and Consumer Protection Act (the "Dodd-Frank Act"), 15 U.S.C. § 78u-6(h) (the "Dodd-Frank Act claims"). (Id. at PageID 445-46.) The Second Amended Complaint specifically alleges state law and Dodd-Frank Act claims as follows:

> Defendants repeatedly breached Plaintiff's employment contract and also harassed him, humiliated him, subjected him to a hostile work environment, demoted him, and finally constructively discharged him, all because he made numerous internal reports of obvious, repeated, and continuing violations of the Truth in Lending Act (TILA), Regulation Z, as amended (2011); Section 1036 of the Consumer Financial Protection Act (CFPA), 12 U.S.C. § 5536(a)(1)(A); 12 C.F.R. § 1026.36(d)(1)(i) (2011) "Compensation Rule"; Section 1036(a)(1)(A) of the Consumer Financial Protection Act (CFPA), 12 U.S.C. § 5536(a)(1)(A); 12 C.F.R. § 1026.25(a) (2011); "Record Retention Rule"; 12 C.F.R. § 1026.36(d)(1)(iv)(1) and (2) "The 10/10 Exemption to the Compensation Rule"; and HUD 4040.1, REV-2 "Prohibition of Capital Contributions", asking each and every time for Defendants to correct the numerous violations and bring their policies and procedures into compliance with Federal law, and then refused to stop complaining about the numerous violations unless Defendants conformed their conduct to the applicable laws.

(Id. at PageID 407-08.)

On March 18, 2016, Evolve removed the action to this Court. (ECF No. 1 at PageID 1.) As grounds for removal, Evolve asserted that, under 15 U.S.C. § 78aa, the district courts of the United States have exclusive jurisdiction over claims arising under the whistleblower-protection provision of the Dodd-Frank Act, and that, under 28 U.S.C. § 1331, the Court has

subject-matter jurisdiction over this action because Boyle's Dodd-Frank Act claims raise a federal question. (Id. ¶¶ 7, 9 at PageID 2-3.) Evolve asserted that the Court has supplemental jurisdiction over Boyle's state law claims under 28 U.S.C. § 1367(a). (Id. ¶ 10 at PageID 3.)

On June 20, 2016, Evolve filed its Answer to the Second Amended Complaint in which it asserts a counterclaim against Boyle for breach of contract and for misappropriation under the Tennessee Uniform Trade Secrets Act (the "TUTSA"), Tenn. Code Ann. §§ 47-25-1701, et seq. (the "Counterclaim"). (ECF No. 22 at PageID 947, 964, 968-70.) The Counterclaim alleges that "Boyle was a former employee of Evolve who resigned in May 2013 to join Perl [Mortgage, Inc.] in creating a Memphis branch with Jeff Kuehn ('Kuehn'), a former manager of the Evolve loan production officers." (Id. at PageID 964.) The Counterclaim alleges that "Boyle and Kuehn misappropriated confidential and trade secret information concerning Evolve's loan customers and potential customers for use at Perl," to Evolve's detriment. (Id.) Evolve asserts that the Counterclaim is a compulsory counterclaim under Federal Rule of Civil Procedure 13 and that the Court has supplemental jurisdiction over the Counterclaim under 28 U.S.C. § 1367(a). (Id. at PageID 964.)

4

Evolve and Boyle respectively move to dismiss all claims asserted by the opposing party. (ECF No. 8-1 at PageID 582; ECF No. 26 at PageID 989-90.)

## II. Jurisdiction

The Court has federal-question jurisdiction over Boyle's Dodd-Frank Act claims under 28 U.S.C. § 1331. "The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction" over claims alleging violations of the Dodd-Frank Act. 15 U.S.C. § 78aa(a). The Court has supplemental jurisdiction over Boyle's state law claims under 28 U.S.C. § 1367 because they derive from a "common nucleus of operative fact." See 28 U.S.C. § 1367; United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).[1]

## III. Standard of Review

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by

---

[1] The parties contest whether the Court has supplemental jurisdiction over Evolve's Counterclaim under § 1367. (Compare ECF No. 22 at PageID 964 with ECF No. 26 at PageID 989-90.) For the reasons discussed below, the Court need not address that dispute.

showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007).

This standard requires more than bare assertions of legal conclusions. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. To survive a motion to dismiss, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 678-79. To survive a motion to dismiss, a complaint must "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." D'Ambrosio v. Marino, 747 F.3d 378, 383 (6th Cir. 2014) (quotation marks omitted), cert. denied, 135 S. Ct. 758 (2014).

**IV. Analysis**

Boyle's Dodd-Frank Act claims are the sole claims over which the Court has original subject-matter jurisdiction. Boyle's remaining claims and the claims asserted in Evolve's Counterclaim arise under Tennessee law. Because a "district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction," Novak v. MetroHealth Med. Ctr., 503 F.3d 572, 583 (6th Cir. 2007) (citing 28 U.S.C. § 1367(c)(3)), the Court should first address Evolve's Motion for dismissal of the Dodd-Frank Act claims.

Evolve argues that the Dodd-Frank Act claims must be dismissed because Boyle "has failed to identify a rule, law, or regulation within the [Security and Exchange Commission's ("SEC")] jurisdiction under which his alleged complaints were made and further failed to allege that such disclosures were required or protected by such law." (ECF No. 8-1 at PageID 588.) Evolve argues that, to allege a claim under the whistleblower-protection provision of the Dodd-Frank Act, a plaintiff must show that the disclosure of an alleged violation was made pursuant to a rule, law, or regulation subject to the jurisdiction of the SEC and that the disclosure was required or protected by that rule, law, or regulation. (Id. (citing Azim v. Tortoise Capital Advisors, LLC, No. 13-2267-DDC-JPO, 2015 WL

7

6802540, at *12 (D. Kan. Nov. 5, 2015)).) Evolve argues that, although Boyle alleges he made numerous internal reports of violations of various federal provisions while working at Evolve, none of the federal provisions listed in the Second Amended Complaint is subject to the jurisdiction of the SEC and none of the alleged violations Boyle lists is a required or protected disclosure under a rule, law, or regulation subject to the jurisdiction of the SEC. (Id. at PageID 588-89.) Evolve also argues that it is a bank, is not required to make filings with the SEC, and is not subject to the jurisdiction of the SEC. (Id. at PageID 589.) Thus, the whistleblower-protection provision of the Dodd-Frank Act would not apply. (Id.)

The Dodd-Frank Act, inter alia, "provides a private cause of action for whistleblowers alleging retaliatory discharge or other forms of discrimination under certain circumstances." Nollner v. S. Baptist Convention, Inc., 852 F. Supp. 2d 986, 992 (M.D. Tenn. 2012) (citing 15 U.S.C. § 78u-6(h)(1)(B)(i)). The Dodd-Frank Act protects whistleblowers by prohibiting the following forms of retaliation:

> No employer may discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower in the terms and conditions of employment because of any lawful act done by the whistleblower--
>
> (i)   in providing information to the Commission in accordance with this section;

8

    (ii)    in initiating, testifying in, or assisting in any investigation or judicial or administrative action of the Commission based upon or related to such information; or

    (iii)    in making disclosures that are required or protected under the Sarbanes-Oxley Act of 2002 (15 U.S.C. 7201 et seq.), this chapter, including section 78j-1(m) of this title, section 1513(e) of Title 18, and any other law, rule, or regulation subject to the jurisdiction of the Commission.

15 U.S.C. § 78u-6(h)(1)(A).

"[T]he first two anti-retaliation categories protect whistleblowers who report potentially illegal activity to the SEC or who work with the SEC directly, in some manner, concerning potential securities violations." Nollner, 852 F. Supp. 2d at 993. Boyle does not allege that he reported violations to the SEC or that he worked with the SEC in any capacity. He alleges that he made internal reports of violations while at Evolve. The only subprovision of the whistleblower-protection provision under which Boyle might be protected is § 78u-6(h)(1)(A)(iii).

"[A] plaintiff seeking protection under § 78u-6(h)(1)(A)(iii) must at least show the following: (1) he or she was retaliated against for reporting a violation of the securities laws, (2) the plaintiff reported that information to the SEC or to another entity (perhaps even internally) as appropriate; (3) the disclosure was made pursuant to a law,

9

rule, or regulation subject to the SEC's jurisdiction; and (4) the disclosure was 'required or protected' by that law, rule, or regulation within the SEC's jurisdiction." Nollner, 852 F. Supp. 2d at 995.[2]

As alleged in the Second Amended Complaint, while at Evolve, Boyle internally reported violations of numerous banking- and lending-related statutes, rules, and regulations. Boyle does not allege in the Second Amended Complaint that he reported violations of a law, rule, or regulation subject to the jurisdiction of the SEC. He does not allege that any disclosure he made was required or protected by a law, rule, or regulation within the jurisdiction of the SEC. Thus, Boyle fails to state

---

[2] The parties contest whether Boyle may qualify under § 78u-6(h)(1)(A)(iii) without having reported violations to the SEC. Courts are split on the issue. Compare Berman v. Neo@Ogilvy LLC, 801 F.3d 145, 155 (2d Cir. 2015) (holding that plaintiff may qualify as whistleblower for purposes of Dodd-Frank Act's anti-retaliation provision by reporting violations internally), with Asadi v. G.E. Energy (USA), L.L.C., 720 F.3d 620, 629 (5th Cir. 2013) (holding that only individuals who report violations to SEC qualify). Recently, the Court of Appeals for the Sixth Circuit was presented with an opportunity to address this issue, but the Court decided the appeal on other grounds. Verble v. Morgan Stanley Smith Barney, LLC, No. 15-6397, 2017 WL 129040, at *4 (6th Cir. Jan. 13, 2017). The Supreme Court recently granted certiorari in Digital Realty Trust, Inc. v. Somers to address "[w]hether the anti-retaliation provision for 'whistle-blowers' in the [Dodd-Frank Act] extends to individuals who have not reported alleged misconduct to the [SEC]." No. 16-1276 (June 26, 2017). The Court need not resolve this issue or defer addressing Evolve's Motion. As discussed below, even if § 78u-6(h)(1)(A)(iii) could protect individuals who do not report violations to the SEC, Boyle would not qualify for protection under that section for other reasons.

10

a claim upon which relief can be granted under the whistleblower-protection provision of the Dodd-Frank Act. See, e.g., Azim, 2015 WL 6802540, at *18 ("[E]ven if plaintiff could satisfy the first two elements of a Dodd-Frank Act retaliation claim . . . plaintiff's claim fails because he has not proved the third or fourth elements of this claim. . . . While plaintiff asserts that he complained about securities violations to human resources, he has failed to identify a rule, law, or regulation within the SEC's jurisdiction under which his alleged complaints were made, required, or protected."); Zillges v. Kenney Bank & Trust, 24 F. Supp. 3d 795, 801 (E.D. Wis. 2014) (concluding that banking laws alleged to have been violated by defendants were not securities laws, as defined by 15 U.S.C. § 78c(a)(47), and that the whistleblower protections of the Dodd-Frank Act do not "extend to those who disclose violations or possible violations of non-securities laws").

Boyle contends that Evolve, "as part of [its] normal business plan," sells the loans it makes "to other financial institutions that repackage and sell the loans to investors," and that those financial institutions "are publicly held corporations regulated by the SEC." (ECF No. 14-1 at PageID 642-43.) Boyle argues that Evolve has "knowingly and intentionally placed the loans they have made in violation of Dodd-Frank, Regulation Z, [t]he Truth in Lending Act, the

11

Consumer Financial Protection Act, and various other federal regulations because of, among other wrongful acts, steering, overages, and dual compensation into the stream of commerce and into the hands of uninformed investment banks and unknowing investors in contravention of the intent and specific purpose of the laws enacted precisely to prevent this from occurring." (Id. at PageID 643.) Without citation to any authority, Boyle suggests that, because Evolve sold loans to institutional customers regulated by the SEC, Boyle may sue Evolve under the whistleblower-protection provision of the Dodd-Frank Act because Evolve retaliated against him for reporting violations of other federal laws.

Boyle focuses on whether the **defendant generally** (or its customers) is regulated by the SEC. Courts that have construed § 78u-6(h)(1)(A)(iii) have required that the **law, rule, or regulation** allegedly violated by the defendant be within the jurisdiction of the SEC. E.g., Azim, 2015 WL 6802540, at *18; Zillges, 24 F. Supp. 3d at 801; Nollner, 852 F. Supp. 2d at 995. The whistleblower-protection provision of the Dodd-Frank Act is not a general-purpose anti-retaliation provision. It protects certain kinds of whistleblowers who report certain kinds of violations. Because the alleged violations Boyle reported do not implicate the whistleblower-protection provision, Boyle's Dodd-Frank Act claims under § 78u-6(h)(1)(A) necessarily fail.

12

Evolve's Motion, to the extent it seeks dismissal of Boyle's Dodd-Frank Act claims, is GRANTED.

## V. Propriety of Exercising Supplemental Jurisdiction

Boyle's remaining claims and Evolve's Counterclaim arise under Tennessee law. Absent the Dodd-Frank Act claims, neither party asserts that, under 28 U.S.C. § 1331, this case "arise[s] under federal law '[because] the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9 (1983)); see also Nollner, 852 F. Supp. 2d at 1000 (concluding that, although Tennessee retaliatory discharge claims under Tenn. Code Ann. § 50-1-304 may be premised on federal-policy violations, such claims "do not present a federal question, because a state-law employment action for wrongful termination in violation of federal public policy does not present a substantial federal question over which federal courts may exercise 'arising under' jurisdiction under 28 U.S.C. § 1331" (quotation marks omitted)). The Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.[3]

---

[3] Evolve did not invoke this Court's jurisdiction under 28 U.S.C. § 1332.

13

Under § 1367(c), "district courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996) (collecting cases). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" Gamel v. City of Cincinnati, 625 F.3d 949, 951 (6th Cir. 2010) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). A court may also consider (a) whether the plaintiff has engaged in forum manipulation, (b) whether the parties have completed discovery, and (c) whether any pending summary judgment motions are ripe for decision. See id. at 952. "In cases that have been removed to federal court . . . when all federal claims have been dismissed before trial, the best course is to remand the state law claims to the state court from which the case was removed." Novak, 503 F.3d at 583 (quotation marks omitted).

This action asserts numerous claims arising under Tennessee law based on conduct alleged to have occurred in Tennessee by Tennessee parties. Tennessee courts have an interest in deciding this Tennessee action. This case is in its early stages. The parties have not completed discovery, and any discovery that has been completed will facilitate the resolution of claims in state court. No pending motions for summary judgment are ripe for decision. There is no indication that Boyle engaged in forum manipulation when he amended his Amended Complaint to add his federal claims. Remand would not disserve the interests of convenience or fairness to the parties, and remand would serve the values of judicial economy and respect for comity. See Gamel, 625 F.3d at 951. For these reasons, because the Dodd-Frank Act claims have been dismissed, the "best course is to remand" the remaining state law claims. Novak, 503 F.3d at 583.

**VI. Conclusion**

For the foregoing reasons, Evolve's Motion, to the extent it seeks dismissal of Boyle's Dodd-Frank Act claims, is GRANTED. This action is REMANDED to the Circuit Court of Shelby County, Tennessee, for the Thirtieth Judicial District at Memphis.

So ordered this 19th day of July, 2016.

```
                              /s/ Samuel H. Mays, Jr.
                              SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE
```